UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CENTRAL OAKS, INC.,

        Plaintiff,

vs.                                        Case No. 8:06-CV-1228-T-27MSS

MARYLAND CASUALTY COMPANY,

        Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 3), to which Plaintiff has responded in opposition (Dkt. 17). For the reasons stated herein, Defendant's motion is granted.

### *Background*

This insurance action arises out of a dispute between the parties regarding the valuation of the damage to Plaintiff's real and personal property as a result of Hurricane Charley in 2004. After the parties were unable to agree upon the total amount of Plaintiff's loss, Defendant made a demand for an appraisal on July 8, 2005. (Dkt. 2, ¶ 14).[1]

---

[1] Plaintiff's Policy contains a typical appraisal clause, which provides:
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
1.     Pay its chosen appraiser; and
2.     Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim. (Dkt. 2, ¶ 13).

1

On February 23, 2006, the appointed appraisers reviewed the property's interior damage. (Dkt. 2, ¶ 15). Plaintiff alleges that its appraiser, Mr. Troy Payne, "was under the misunderstanding that the only damage issues to be appraised were the visible interior and exterior building damages, when there are in fact hidden interior water damages and resulting mold and mildew issues in the building as well." (Dkt. 2, ¶ 16). Plaintiff also alleges that the appraisers were appraising exterior building damages, which were resolved prior to the appraisal. (Dkt. 2, ¶ 17).

Plaintiff's Amended Complaint includes a breach of contract claim for Defendant's alleged failure to pay amounts due under its Policy and asks the Court to order a second appraisal due to its appraiser's mistake. In its motion to dismiss, Defendant argues that: (1) it did not receive proper service of the Amended Complaint; and (2) Plaintiff is bound by the original appraisal under the plain language of the Policy.

### *Standard of Review*

A court may grant a motion to dismiss "only when the defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Chepstow Ltd. v. Hunt*, 381 F.3d 1077, 1080 (11th Cir. 2004) (internal quotation omitted). The court will accept as true all well-pleaded factual allegations and will view them in a light most favorable to the nonmoving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003). Rule 8 of the Federal Rules of Civil Procedure requires only that Plaintiff provide a short and plain statement of the claim showing that he is entitled to relief. A plaintiff is not required to "allege a specific fact to cover every element or allege with precision each element of a claim." *Roe v. Aware Woman Cen. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001).

*Discussion*

*1. Improper Service*

Defendant argues that Plaintiff did not effect timely service in the instant action. Because this case was removed from Florida state court, the sufficiency of service is determined under Florida law. *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972).[2] Rule 1.070 of the Florida Rules of Civil Procedure provides:

> **(j) Summons; Time Limit.** If service of the initial process and initial pleading is not made upon a defendant within 120 days after filing of the initial pleading directed to that defendant the court, on its own initiative after notice or on motion, shall direct that service be effected within a specified time or shall dismiss the action without prejudice or drop that defendant as a party; provided that if the plaintiff shows good cause or excusable neglect for the failure, the court shall extend the time for service for an appropriate period. When a motion for leave to amend with the attached proposed amended complaint is filed, the 120-day period for service of amended complaints on the new party or parties shall begin upon the entry of an order granting leave to amend. A dismissal under this subdivision shall not be considered a voluntary dismissal or operate as an adjudication on the merits under rule 1.420(a)(1). Fla. R. Civ. P. Rule 1.070(j).

Plaintiff filed its initial complaint in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida on January 23, 2006. (Dkt. 1, Exh. A.) On May 18, 2006, Plaintiff provided Defendant's counsel, Mr. Robert Lyerly, with a copy of the Amended Complaint via facsimile. (Dkt. 8, ¶ 7; Dkt. 3, ¶ 10). On May 22, 2006, Plaintiff filed the Amended Complaint. (Dkt. 1; Dkt. 8, Exh. D.) By letter dated May 23, 2006, Mr. Lyerly stated that he was not authorized to accept service of process and requested that Plaintiff effectuate proper service under Florida law.[3] (Dkt. 8, Exh. E.) On

---

[2] The Eleventh Circuit adopted as binding precedent, all decisions the former Fifth Circuit made prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

[3] "Service of process upon the Chief Financial Officer as the insurer's attorney pursuant to such an appointment shall be the sole method of service of process upon an authorized domestic, foreign, or alien insurer in this state." Fla. Stat. § 624.422.

June 12, 2006, Plaintiff properly served Defendant with the summons and Amended Complaint through the Chief Financial Officer of the State of Florida. (Dkt. 8, Exh. F.)

Plaintiff's service of the Amended Complaint upon the Chief Financial Officer on June 12, 2006 was outside the 120-day limit for service, which commenced on January 23, 2006. However, Plaintiff provided Defendant's counsel, Mr. Robert Lyerly, with a copy of the Amended Complaint via facsimile on May 18, 2006, which was within the 120-day time period. (Dkt. 8, ¶ 7; Dkt. 3, ¶ 10). Although Mr. Lyerly was not the proper person to serve, according to Florida law, service on the wrong person is sufficient to meet the time requirement of Rule 1.070. *See Bankers Ins. Co. v. Thomas*, 684 So.2d 246, 247 (Fla. 2d DCA 1996); *Sneed v. H.B. Daniel Const. Co., Inc.*, 674 So. 2d 158, 159 (Fla. 5th DCA 1996). On the other hand, the parties' submissions do not indicate that Mr. Lyerly received a copy of the original summons at this time; rather, it appears he received only a courtesy copy of the Amended Complaint. (*See* Dkt. 8, ¶ 7; Dkt. 3, ¶ 10). The summons, an official court document directing defendants to respond to the lawsuit, is an integral part of service. Accordingly, the Court declines to find that Plaintiff's provision of the Amended Complaint to Mr. Lyerly satisfied the requirements of Rule 1.070.

Plaintiff has not argued that the state court issued an order allowing it to amend the complaint, thus restarting the time limit for service. Plaintiff has made no argument as to why its failure to effect timely service should be attributed to good cause or excusable neglect. As a result, this action will be dismissed without prejudice, with leave to file a new action.

### 2. *Failure to State a Claim*

Although the Court dismisses the action based on improper service, it is noted that Plaintiff appears to state a valid claim for breach of contract. However, Plaintiff currently fails to state a

claim in its petition for a second appraisal. The Amended Complaint plainly reveals that an appraisal took place. (Dkt. 2, ¶ 15). As Defendant indicates, the parties expressly agreed that their appraisers' determination would be binding.

Accordingly, it is

**ORDERED AND ADJUDGED** that

1) Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 3) is **GRANTED**, and the action is dismissed without prejudice, with leave to file a new action.

2) The Clerk of Court is directed to close the case.

**DONE AND ORDERED** in chambers this 3rd day of October, 2006.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record